UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DRINKWATER,<br><br>               Plaintiff,<br><br>     v.<br><br>TRADER JOES COMPANY, *et al.*,<br><br>               Defendants. | Case No. 2:25-cv-02617-FLA (AGRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER DISMISSING ACTION [DKT. 24]** |

On October 6, 2025, Plaintiff John Drinkwater ("Plaintiff") filed a Motion to Vacate ("Motion") the Order Dismissing Action (Dkt. 23, "Order") pursuant to Fed. R. Civ. P. 60(b)(1). Dkt. 24. Defendant Trader Joe's Company ("Trader Joe's," *erroneously sued as* "Trader Joes Company") filed a Response indicating it takes no position on whether vacating the Order is appropriate. Dkt. 25 at 2. The court finds the matter appropriate for resolution without oral argument and VACATES the hearing set for December 12, 2025. Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court DENIES the Motion.

Fed. R. Civ. P. 60(b)(1) states, in relevant part, the court may relieve a party from a final judgment, order, or proceeding, due to mistake, inadvertence, surprise, or excusable neglect. District courts possess broad discretion in determining whether to grant relief under Fed. R. Civ. P. 60(b). *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (noting that a district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion).

On July 8, 2025, the parties filed a Joint Notice of Settlement in Principle ("Notice of Settlement"), stating the parties have reached an agreement in principle on the terms of settlement. Dkt. 22.

On July 9, 2025, in light of the parties' Notice of Settlement, the court dismissed the action without prejudice and retained jurisdiction to reopen the action within 30 days of the Order, "provided any request by a party to do so shall make a showing of good cause as to why the settlement has not been completed within the 30-day period, what further settlement processes are necessary, and when the party making such a request reasonably expects the process to be concluded." Dkt. 23 at 2.

On October 6, 2025, Plaintiff filed the instant Motion to reopen the action. Dkt. 24. In the Motion, Plaintiff explains settlement negotiations have stalled and alleges Trader Joe's has engaged in new violations of the Americans with Disabilities Act of 1990 ("ADA"). *Id.* at 3. Plaintiff requests the court reopen the action and set a deadline for Trader Joe's to file an answer to the Complaint. *Id.* at 6. Plaintiff

contends the parties' continued engagement in settlement negotiations after the 30-day period in which the parties could seek to vacate the Order constitutes "excusable neglect" under Fed. R. Civ. P. 60(b)(1). *Id.*

In exercising its discretion, the court finds Plaintiff fails to establish good cause or excusable neglect to reopen the action. Additionally, Plaintiff's new claims arise from conduct that occurred after this action was closed. See Dkt. 24 at 3–5. Under these circumstances, the court will not reopen the action. The Motion is DENIED.

IT IS SO ORDERED.

Dated: December 10, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge